IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


LOUIE LYBYER                                                      PLAINTIFF

          v.                          CIVIL NO. 06-5106

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                   DEFENDANT


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Louie Lybyer brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial

review of a decision of the Commissioner of the Social Security Administration (Commissioner)

denying his claims for period of disability and disability insurance benefits (DIB) and

supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the

Social Security Act (Act).

**Procedural Background:**

The application for SSI presently before this court was filed on June 2, 2004, alleging an

inability to work since August 2, 1992,[2] due to a hearing disorder, hepatitis C, headaches, fatigue

and depression. (Tr. 47-50). An administrative hearing was held on November 21, 2005. (Tr.

434-491). Plaintiff was present and represented by counsel.

By written decision dated March 15, 2006, the ALJ found that plaintiff has an impairment

or combination of impairments that are severe.  (Tr. 12).  However, after reviewing all of the

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] Plaintiff amended his alleged onset date to May 10, 2004. (Tr. 478). With regard to his DIB, application plaintiff maintained insured status through December 31, 1996.  The ALJ found plaintiff had effectively withdrawn his application for DIB and only adjudicated plaintiff's application for SSI.

evidence presented, she determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found plaintiff retained the residual functional capacity (RFC) to lift and/or carry ten pounds frequently and twenty pounds occasionally; and to stand, walk, and/or sit for six hours in an eight-hour workday. (Tr. 13). The ALJ found plaintiff must avoid loud, highly concentrated, intense noise. Due to the side effects of medication, the ALJ determined plaintiff is restricted from driving or climbing scaffolds, ladders and ropes. Finally, the ALJ found that, from a mental standpoint, plaintiff was able to perform work-related activities where interpersonal contact was incidental to work performed, where the complexity of tasks was learned and performed by rote with few variables and little judgment, and where required supervision was simple, direct, and concrete. (Tr. 13). With the help of vocational expert testimony, the ALJ found plaintiff could perform other work as a small products assembler. (Tr. 17).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision by the Appeals Council was denied on May 12, 2006. (Tr. 2-4). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties filed appeal briefs and this case is before the undersigned for report and recommendation. (Doc. # 8, 13, 14).

**<u>Applicable Law:</u>**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.

2

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or

mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § 416.920.

**Discussion:**

The ALJ has a duty to fully and fairly develop the record. It is incumbent upon the ALJ to establish by medical evidence that the claimant has the requisite RFC and to question a claimant in detail about his abilities. To properly determine a claimant's RFC, an ALJ is "required to consider at least some supporting evidence from a [medical] professional" *See Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). The ALJ is free to disregard a treating physician; however, he must have some professional medical evidence to support the RFC determination.

In the present case, the record does not contain a RFC assessment or any statements detailing plaintiff's capabilities from a treating, examining or non-examining physician. The medical record clearly establishes plaintiff has sought treatment for depression, headaches and fatigue. (Tr. 142, 240, 235, 237, 355, 359, 396, 403, 408, 412). As such we believe the ALJ erred in not obtaining a RFC assessment from a medical professional. *See Nevland v. Apfel,* 204 F.3d 853, 858 (8th Cir.2000) (ALJ may not draw upon his own inferences from medical reports); *See Hildebrand v. Barnhart,* 302 F.3d 836, 838 (8th Cir.2002) (court may remand for taking of further evidence where ALJ fails to develop record fully).

4

On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff, asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence, such as limitations in sitting, standing, walking, reaching, bending, and lifting.

**Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of April 2007.

/s/    *J. Marschewski*

HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

5